# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN
_____

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, as subrogee of
Bobbie Hardin,

    Plaintiff,                                                                  Case No.

v                                                                                          Hon.

HAIER AMERICA COMPANY, L.L.C., and
HAIER (DALIAN) REFRIGERATOR CO. LTD.,
WANBAO GROUP COMPRESSOR CO., LTD.,
GUANGZOU SENBAO ELECTRONICAL APPLIANCE CO.,
JOHN DOES 1-5,

    Defendants.

---

Andy J. VanBronkhorst (P72095)
Hewson & Van Hellemont, P.C.
Attorneys for Farm Bureau
625 Kenmoor Ave. S.E., Ste. 304
Grand Rapids, MI  49546
Office: (616) 949-5700
Email: ajv@vanhewpc.com

---

# **COMPLAINT**

Farm Bureau Mutual Insurance Company of Michigan ("Farm Bureau") as Subrogee of Bobbie Hardin ("Hardin"), by its attorneys Hewson & Van Hellemont, P.C., states the following for its Complaint. Farm Bureau files this Second Amended Complaint in response to this Court's Order entered 8-27-21 [Page

ID.22], in which the Court ordered Farm Bureau to correct the insufficient allegations regarding diversity of the parties.

### Jurisdiction and Venue

1. Farm Bureau is a property and casualty insurer whose principal place of business is in Michigan, incorporated in Michigan, and for purposes of venue, does business in Michigan.

2. Haier America Company, LLC is a Delaware limited liability company whose resident agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Haier, as a limited liability company, has citizenship of each of its partners or members—and upon information and belief, all partners or members of Haier America Company, LLC are citizens of China. The partners or members are both incorporated in China and maintain principal places of business in China.

3. Haier (Dalian) Refrigerator Co. Ltd. is a Chinese corporation whose principal place of business is IIC-1 Export Processing Zone, Dalian, Liao Ning Province, P.R.C., 116600.

4. Wanbao Group Compressor Co., Ltd. is a Chinese corporation whose principal place of business is 68 Renhe Street, Renhe, Baiyun District, Guangzhou, Guangdong, PRC 510470.

5. Guangzou Senbao Electronical Appliance Co. is a Chinese corporation whose principal place of business is No. 2, Donghua 1st Road, Donghu Resettlement Zone, Huashan Town, Huadu District, Guangzhou City, Guangdong Province.

6. John Does 1-5 are the currently-unknown manufacturers or distributors of the refrigerator at-issue in this action.

7. This lawsuit arises out of a house fire at 2404 Riverbend Ave. Benton Harbor, MI 49022.

8. The amount in controversy is more than $75,000.00, exclusive of interest, costs, and attorney fees.

9. This Court has either general jurisdiction over the Defendants, or, in the alternative, limited personal jurisdiction over the defendants under Michigan's long arm statute at sections MCL 600.715(1), (2), and (5).

10. This Court has subject matter jurisdiction over this dispute under this Court's diversity jurisdiction, because the parties are citizens of diverse states and foreign countries, and the amount in controversy exceeds $75,000.

11. Venue is proper in this Court.

## **General Allegations**

12. On February 3, 2019, Hardin owned the house located at 2404 Riverbend Ave., Benton Harbor, MI 49022.

13. On that date, a fire ignited in the house's garage.

14. The fire caused substantial damage to the house and contents.

15. Farm Bureau insured the house and paid the claim related to the loss. The damage exceeded $300,000. Having paid the claim, Farm Bureau is subrogated to Hardin's rights.

16. Investigation following the fire revealed that the fire originated at, and was caused by, a refrigerator in the house.

17. A manufacturing and/or design defect within the refrigerator caused the fire and resulting damages.

18. The refrigerator was subject to a recall for a defect that caused the refrigerator to ignite.

19. The ignition was caused, in whole or in part, by a defective compressor.

20. The refrigerator, along with the internal components that proved defective, was designed and manufactured, and sold into the stream of commerce, by the Defendants.

   a. Haier America Company, LLC imported, warranted, sold, tested, and the refrigerator.

   b. Haier (Dalian) Refrigerator Co. Ltd. manufactured the refrigerator.

   c. Wanbao Group Compressor Co., Ltd. manufactured the compressor.

    d. Guangzou Senbao Electronical Applicance Co. manufactured the TCO/Starter component that was attached to the compressor.

21. The defendants are subject to jurisdiction in this court because they intended to manufacture for sale, and did in fact manufacture and sell, the product in this State of Michigan.

## Count 1: Breach of Implied Warranty in Tort

22. Defendants, in concert together, designed and manufactured the refrigerator and internal components, and sold the refrigerator into the stream of commerce. When they did so, they sold the refrigerator subject to the implied warranty in tort.

23. The refrigerator was not intended to ignite while being used for its intended and foreseeable use and purposes; but, nonetheless, it ignited while it was being used for its intended and foreseeable use and purpose.

24. The refrigerator was not fit for its intended purpose because it ignited while being used for its intended use and purpose.

25. Specifically, the refrigerator ignited while it was being used in Hardin's house.

26. Defendants breached the implied warranty in tort because the refrigerator ignited while it was being used for its intended use and purpose.

27. Defendants' breach of the implied warranty in tort caused the fire and resulting damages.

### Count 2: Design Defect and/or Manufacturing Defect

28. Defendants designed and manufactured the refrigerator, compressor, TCO, and starter.

29. Defendants owed Hardin a duty of care.

30. Defendants breached the duty of care in the following ways:

   A. Failing to design and manufacture the refrigerator in such a manner as to ensure that it would not fail, causing a fire in the ordinary course of operation;

   B. Failing to design and manufacture the refrigerator with materials of high enough quality, particularly the compressor, such that the inferior-quality materials failed under normal use, causing the refrigerator to ignite;

   C. Other breaches that may become known through discovery.

31. The breaches caused the fire and resulting damages.

WHEREFORE, Farm Bureau asks this Court to enter judgment against Defendants in an amount no less than $299,746.35, plus interest, costs, and attorney fees.

### Count 3: Breach of warranty – express or implied

32. Defendants sold the refrigerator into the stream of commerce.

33. When they did so they sold the refrigerator under an express warranty.

34. They sold the refrigerator subject to the UCC's implied warranty of merchantability.

35. The refrigerator ignited while it was being used in Hardin's house.

36. Defendants breached the warranties because the refrigerator ignited while it was being used for its intended use and purpose.

                                  Respectfully submitted,

                                  HEWSON & VAN HELLEMONT, P.C.

Dated: January 31, 2022      By:  _____
                                          Andy J. VanBronkhorst (P72095)
                                          Attorneys for Farm Bureau
                                          625 Kenmoor Ave., S.E., Ste. 304
                                          Grand Rapids, MI 49546
                                          (616) 949-5700
                                          Email:  ajv@vanhewpc.com