UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

    Plaintiff,

v.

HAIER AMERICA COMPANY, LLC,
et al.,

    Defendants.
_____/

Case No. 1:22-cv-87

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Farm Bureau Mutual Insurance Company of Michigan, as subrogee of Bobbie Hardin, brings product liability claims against Defendants Haier America Company, LLC, Haier (Dalian) Refrigerator Co., Ltd., Wanbao Group Compressor Co., Ltd., Guangzou Senbao Electrical Appliance Co., and five unidentified John Does. Before the Court is Haier America's "motion for summary disposition" which the Court construes as a motion for summary judgment (ECF No. 17).[1]

### I. FACTUAL BACKGROUND

On February 3, 2019, Hardin's home at 2404 Riverbend Avenue in Benton Harbor, Michigan caught on fire. (Compl. ¶¶ 12-13, ECF No. 1.) Farm Bureau insured the home and paid approximately $300,000 for Hardin's losses. (*Id.* ¶ 15.) Subsequent investigation revealed that

---

[1] Haier America frames its motion as a motion for summary disposition pursuant to Michigan Court Rule 2.116(C)(7), (8) and (10). (Haier Am.'s Br. in Supp. of Mot. for Summ. Disposition, ECF No. 17, PageID.67.) However, Haier America proceeds to cite the standard provided by Rule 56 of the Federal Rules of Civil Procedure. (*Id.*) The Federal Rules of Civil Procedure, not the Michigan Court Rules, apply in federal court. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, the Court will construe the motion as one for summary judgment under Rule 56.

the fire originated from a refrigerator in the home. (*Id.* ¶ 16.) The refrigerator was subject to a recall for a defect that allegedly caused the refrigerator to ignite. (*Id.* ¶ 18.) Farm Bureau describes the roles of each Defendant as follows:

> a. Haier America Company, LLC imported, warranted, sold, and tested the refrigerator.
>
> b. Haier (Dalian) Refrigerator Co. Ltd. manufactured the refrigerator.
>
> c. Wanbao Group Compressor Co., Ltd. manufactured the compressor.
>
> d. Guangzou Senbao Electronical Appliance Co. manufactured the TCO/Starter component that was attached to the compressor.

(*Id.*, PageID.4-5.)

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)). "Courts consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 679 (6th Cir. 2013) (citing *Anderson*, 477 U.S. at 255). The Court must ultimately determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III. ANALYSIS

"Products-liability law establishes a classic and well-known triumvirate of grounds for liability: defective manufacture, inadequate directions or warnings, and defective design." 63 Am.

Jur. 2d Products Liability § 5; *see also* Restatement (Third) of Torts: Products Liability § 2 (1998). Michigan law recognizes two "separate and distinct" theories under which a plaintiff may bring such products liability claims: negligence and breach of warranty. *See Smith v. E. R. Squibb & Sons, Inc.*, 273 N.W.2d 476, 479 (Mich. 1979). "[T]he negligence theory generally focuses on the defendant's conduct, requiring a showing that it was unreasonable, while warranty generally focuses upon the fitness of the product, irrespective of the defendant's conduct." *Prentis v. Yale Mfg. Co.*, 365 N.W.2d 176, 186 (Mich. 1984) (citing *Squibb*, 273 N.W.2d at 483-84); *see also Miller v. Ingersoll-Rand Co.*, 148 F. App'x 420, 424 (6th Cir. 2005) (quoting *Prentis*, 365 N.W.2d at 186).

Although recognized as two distinct theories, "Michigan courts have observed that claims of negligence and breach of implied warranty are, for all intents and purposes, identical" when brought against a manufacturer or a seller who is also a manufacturer. *Hollister v. Dayton Hudson Corp.*, 201 F.3d 731, 736-37 (6th Cir. 2000); *see also Peak v. Kubota Tractor Corp.*, 559 F. App'x 517, 524 (6th Cir. 2014).

However, the analysis differs for non-manufacturing sellers. Under Michigan's 1996 statutory revision of tort law,

> a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:
>
> > (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.
>
> > (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

Mich. Comp. Laws § 600.2947(6)(a)-(b). "The plain language of the statute indicates that the legislature did not intend failure to exercise reasonable care and breach of implied warranty claims

3

to be separate products liability claims . . . . [Rather], breach of implied warranty claims are to be considered *a type* of reasonable care claim, not a separate claim." *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 520 (6th Cir. 2008) (citing *Coleman v. Maxwell Shoe Co.*, 475 F. Supp. 2d 685 (E.D. Mich. 2007)); *see also Curry v. Meijer, Inc.*, 780 N.W.2d 603, 609-10 (Mich. Ct. App. 2009) (agreeing with the Sixth Circuit's statutory interpretation in *Croskey*). Accordingly, a non-manufacturing seller can be liable "for harm allegedly caused by the product under only two scenarios: (a) where the seller fails to exercise reasonable care, or (b) where there is a breach of an express warranty." *Curry*, 780 N.W.2d at 606.

Haier America first argues that it is entitled to summary judgment as to the design and/or manufacturing defect claim because it is "clearly not the manufacturer of the alleged defective product." (Haier Am. Br. in Supp. of Mot. for Summ. Disposition, ECF No. 17, PageID.72.) However, Haier America cannot meet its burden on summary judgment with such assertions in a brief. Haier America provides the Court with no evidence demonstrating that it only sells the product and does not participate in the manufacturing process. Indeed, Farm Bureau notes that, at the time this motion was filed, it had "not had an opportunity to investigate the extent to which [Haier America] participated in the production process" because discovery had not begun. (Farm Bureau's Resp. Br. in Opp'n to Haier Am.'s Mot. for Summ. Disposition, ECF No. 26, PageID.232.) Accordingly, there is a genuine dispute of material fact as to whether Haier America was a manufacturing seller or a non-manufacturing seller. Haier America is not entitled to summary judgment on the design and/or manufacturing defect claim.

Haier America further argues that Farm Bureau's breach of implied warranty claim must be dismissed as a matter of law pursuant to the Michigan Court of Appeals's decision in *Curry*. Haier America correctly notes that Farm Bureau may only bring a failure to exercise reasonable

4

care or breach of express warranty claim against a non-manufacturing seller. However, *Curry* and *Croskey* did not eliminate breach of implied warranty claims against non-manufacturing sellers altogether. Rather, a breach of implied warranty claim exists as *a type* of reasonable care claim. *See Croskey*, 532 F.3d at 520. Accordingly, if Haier America is found to be a non-manufacturing seller, Farm Bureau may properly assert breach of implied warranty as a type of reasonable care claim.

Finally, Haier America argues that it is entitled to summary judgment as to the breach of express warranty claim. In support of this argument, Haier America provides a one-page document titled "Limited Warranty." (Limited Warranty, ECF No. 17-1.) The document warrants that Haier America "will repair or replace, at [its] discretion, any mechanical or electrical part which proves to be defective in normal usage during the warranty period as specified." (*Id.*) It also states that the "Limited Warranty" is "given in lieu of all other warranties, expressed or implied, including the warranties of merchantability and fitness for a particular purpose." (*Id.*) The Michigan Court of Appeals has found that

> an unadorned promise to repair or replace a defective part is not a promise concerning the quality or performance of the goods to which the goods can "conform." A promise to repair or replace instead provides nothing more than a remedy for a product that breaks.

*Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am.*, LLC, 894 N.W.2d 700, 705 (Mich. Ct. App. 2016). The court concluded that such a "repair-or-replace provision" is not an express warranty within the meaning of Mich. Comp. Laws § 440.2313(1)(a). (*Id.*) Haier America argues that *Grosse Pointe Law Firm* is instructive—this "Limited Warranty" is merely a promise to repair or replace rather than an express warranty.

However, Haier America has not demonstrated that this "Limited Warranty" was attached to the particular model of refrigerator in Hardin's home at the time of the fire. The one-page

5

document is devoid of details regarding what models the "Limited Warranty" applies to and whether it was even in effect in 2019. In support of its argument, Haier America attaches an opinion and order from a case in the 14th Circuit Court in Muskegon County, Michigan, where Haier America was sued by National Casualty Company, as subrogee of other individuals affected by a refrigerator fire. (*See* State Court Op., ECF No. 17-2.) There, the Honorable Kenneth S. Hoopes considered what appears to be the same "Limited Warranty" and relied on *Grosse Pointe Law Firm* to conclude that it was an "unadorned promise to repair or replace," not an express warranty. (*Id.*, PageID.90.) As an initial matter, a state trial court opinion is persuasive, not binding, authority on this Court. Moreover, a case with a different plaintiff and refrigerator does not establish that the "Limited Warranty," as described in the one-page document provided by Haier America, is applicable to Hardin's refrigerator in 2019. There is a genuine dispute of material fact as to whether the "Limited Warranty" forecloses Farm Bureau's breach of express warranty claim. Haier America is not entitled to summary judgment on this claim.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Haier America's motion for summary disposition (ECF No. 17), which the Court construes as a motion for summary judgment. An order will enter consistent with this opinion.


Dated: March 9, 2023               /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   CHIEF UNITED STATES DISTRICT JUDGE